IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NET SUPER MARKET INC.,<br><br>          Plaintiff,<br><br>v.<br><br><br>NORTH STAR TRADE LLC, AND BRIDGE WAY USA LLC,<br><br>          Defendants. | Civil Action No. 1:24-cv-00788 |

## ORIGINAL COMPLAINT

Plaintiff Net Super Market Inc. ("Plaintiff") brings this trademark infringement action against Defendants North Star Trade LLC and BRIDGE WAY USA LLC ("Defendants") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to combat the blatant infringement of Plaintiff's U.S. Trademark Registration Numbers 6,830,044; 6,443,967, and 6,558,609 (the "Plaintiff's Trademarks") and to guard against consumer confusion in the marketplace. Defendants trade upon Plaintiff's associated reputation and goodwill in the Plaintiff's Trademarks by selling and/or offering for sale unauthorized and unlicensed TV boxes bearing Plaintiff's Trademarks and/or substantially indistinguishable variations (the "Counterfeit Products"). Defendants' infringing actions have been and continue to irreparably harm Plaintiff from the loss of its intellectual property rights in Plaintiff's Trademarks, including the exclusive right to use Plaintiff's Trademarks in commerce and in connection with similar goods. Plaintiff now seeks monetary and injunctive relief.

1

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

3. This Court may properly exercise personal jurisdiction over Defendants since Defendants target business activities toward consumers in Illinois through at least the fully interactive and e-commerce websites www.amazon.com; www.walmart.com; https://htvbox-america.com/; https://htvboxamerica.com/; and https://usa-goods.net[1]. Specifically, Defendants are reaching out to conduct business with Illinois residents by operating such websites/online store through which Illinois residents can and do purchase infringing goods bearing the Plaintiff's Trademarks and/or substantially indistinguishable variations. Defendants have targeted sales to Illinois residents by operating such websites/online store, which offers shipping to consumers in Illinois, accepts payment in U.S. dollars, and, on information and belief, has sold Infringing Goods bearing Plaintiff's Trademarks and/or substantially indistinguishable variations to consumers in Illinois. Defendants are committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

5. Joinder is proper in this case. The same Counterfeit Products offered by both Defendants and the approximate geographic locations of Defendants establish a logical

---

[1] https://htvbox-america.com/; https://htvboxamerica.com/; and https://usa-goods.net are collectively referred as the Domain Names.

relationship between them and that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## THE PARTIES

6. Plaintiff is a Wyoming Corporation. Plaintiff is the owner of the Registered Trademarks of **Exhibit 2**.

7. Defendant North Star Trade LLC is a limited liability company organized under the laws of the State of Florida with an office address at 2789 NW 82nd Ave, Doral, FL 33122.

8. Upon information and belief, Defendant North Star Trade LLC has its registered agent name and address and can be served at Luiz Corlos Nogueira, at 2789 NW 82nd Ave, Doral, FL 33122.

9. Defendant BRIDGE WAY USA LLC is a limited liability company organized under the laws of the State of Florida with an office address at 6437 Conroy RD #1105, Orlando, FL 32835.

10. Upon information and belief, Defendant BRIDGE WAY USA LLC has its registered agent name and address and can be served at Luiz Amaral, at 6437 Conroy RD #1105, Orlando, FL 32835.

## GENERAL FACTS AND ALLEGATIONS

11. Plaintiff is the rightful owner of the following federal registered trademarks:

| Registration Number | Trademark |
|---|---|
| 6,830,044 | h·TV |

3

| | |
|---|---|
| 6,443,967 | A1 |
| 6,558,609 | A2 |

12. The certificates of registration of the Plaintiff's Trademarks constitute *prima facia* evidence of the validity and registration of the Plaintiff's Trademarks, of Plaintiff's ownership of the Plaintiff's Trademarks, and of Plaintiff's exclusive right to use the Plaintiff's Trademarks in commerce or in connection with the goods specified in the certificate, pursuant to 15 U.S.C. § 1057(b).

13. Defendants currently do not have a license nor any other form of authorization from Plaintiff to use Plaintiff's Trademarks in commerce or in connection with International Class 9 goods.

14. Defendants conduct business throughout the United States, including within the State of Illinois, through the operation or utilization of the fully interactive e-commerce websites www.amazon.com; www.walmart.com; https://htvbox-america.com/; https://htvboxamerica.com/; and https://usa-goods.net, which use Marks and/or substantially indistinguishable variations in commerce and in connection with Class 9 goods.

15. Specifically, Defendant North Star Trade LLC owns and operates online store "NST" on the www.walmart.com platform, and websites https://htvbox-america.com/; https://htvboxamerica.com/; and https://usa-goods.net. *See* **Exhibit 1-A**.

16. Defendant BRIDGE WAY USA LLC owns and operates online store "BDGWUS" on the www.amazon.com platform. *See* **Exhibit 1-B**.

17. Defendants have offered to sell, and, on information and belief, have sold and continue to sell Counterfeit Products bearing the Plaintiff's Trademarks and/or substantially indistinguishable variations to consumers within the United States, including the State of Illinois, via the various online stores and/or websites listed above. *See id*.

18. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used the Plaintiff's Trademarks and/or substantially indistinguishable variations in commerce and in connection with goods of the same International Class 9.

19. Such unauthorized use of the Plaintiff's Trademarks and/or substantially indistinguishable variations by Defendants on such similar goods is likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods, resulting in irreparable harm to Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

20. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

21. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of Plaintiff's Trademarks and/or marks that are substantially indistinguishable from Plaintiff's Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of counterfeit goods.

22. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using identical, substantially indistinguishable, and/or confusingly similar reproductions of Plaintiff's Trademarks without Plaintiff's permission. Defendants' use of the infringing marks seeks to trick the consumer into believing he or she is getting the Plaintiff's genuine article, rather than a colorable imitation.

23. Plaintiff is the exclusive owner of Plaintiff's Trademarks. Upon information and belief, Defendants have knowledge of Plaintiff's rights in Plaintiff's Trademarks, and are willfully infringing and intentionally using Plaintiff's Trademarks. Defendants' willful, intentional and unauthorized use of Plaintiff's Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Products among the general public.

24. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

25. Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of Plaintiff's Trademarks.

26. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(A))

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Products has created and is creating a likelihood of confusion, mistake, and deception among the

general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeit Products by Plaintiff.

28. By using Plaintiff's Trademarks on the Counterfeit Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Products.

29. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Products to the general public involves the use of Plaintiff's Trademarks while falsely claiming a registered mark of this own is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

30. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of Plaintiff's brands.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## (815 ILCS § 510, ET SEQ.)

31. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32. Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Plaintiff's products, representing that their products have Plaintiff's approval when they do not, and/or engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

33. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform

Deceptive Trade Practices Act, 815 ILCS § 510, et seq. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the Registered Trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing advertising, offering for sale, or sale of any product that is not a genuine Plaintiff Product or is not authorized by Plaintiff to be sold in connection with the Registered Trademark;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Registered Trademark;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

   d. further infringing the Registered Trademark and damaging Plaintiff's goodwill; and

8

    e.    manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Registered Trademark, or any reproductions, counterfeit copies or colorable imitations thereof;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a.    disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Registered Trademark;

    b.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Counterfeit Products using the Registered Trademarks or confusingly similar to the Registered Trademark; and

    c.    take all steps necessary to prevent links to the Defendants from displaying in search results, including, but not limited to, removing links to the Defendants from any search index;

3) Entry of an Order that, at Plaintiffs' choosing, the registrant of the Domain Names shall be changed from the current registrant to Plaintiffs, and that the domain name registries for the Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited,

CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Domain Names to a registrar of Plaintiff's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap Inc. ("Namecheap"), shall take any steps necessary to transfer the Domain Names to a registrar account of Plaintiffs' selection; or that the same domain name registries shall disable the Domain Names and make them inactive and untransferable;

4) Pursuant to 15 U.S.C. § 1117, that Defendant account for and pay to Plaintiff damages arising from Defendant's violation of the Lanham Act;

5) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that the amount of damages for infringement of Plaintiff's Registered Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Registered Trademark;

7) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

DATED: January 30, 2024

Respectfully submitted,

By: */s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
**DIRECTION IP LAW**
P.O. Box 14184
Chicago, Illinois 60614

        Tel: (312) 291-1667
        dbennett@directionip.com

        Of Counsel:
        Timothy T. Wang
        Texas Bar No. 24067927
        twang@nilawfirm.com
        Tong Jin
        New York Bar No. 5871959
        tjin@nilawfirm.com

        **NI, WANG & MASSAND, PLLC**
        8140 Walnut Hill Ln., Ste. 615
        Dallas, TX 75231
        Tel: (972) 331-4600
        Fax: (972) 314-0900

        *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of January, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

        */s/ Steven G. Kalberg*
        Steven G. Kalberg